■ BOY SCOUTS OF AMERICA, Respondent-Appellant, v CAYUGA COUNTY COUNCIL NO. 366, BOY SCOUTS OF AMERICA, et al., Appellants-Respondents. [919 NYS2d 448]—

Appeal and cross appeal from an order of the Supreme Court, Cayuga County (Ann Marie Taddeo, J.), entered December 29, 2009. The order, inter alia, granted in part the motion of plaintiff for summary judgment.

It is hereby ordered that the order so appealed from is unanimously vacated on the law without costs and the matter is remitted to Supreme Court, Cayuga County, for further proceedings pursuant to N-PCL 511.

Memorandum: Defendants appeal and plaintiff cross-appeals from an order that, inter alia, granted that part of plaintiff's motion for summary judgment seeking an order directing defendants to turn over to plaintiff the property of defendant Cayuga County Council No. 366, Boy Scouts of America (hereafter, Cayuga Council), including property that had previously been transferred by the Cayuga Council to defendant Cayuga Youth Trust. We agree with defendants on their appeal that Supreme Court erred in ordering a transfer of substantially all of the Cayuga Council's property to plaintiff without first providing the requisite notice to the Attorney General (*see generally Wiggs v Williams*, 36 AD3d 570 [2007]; *St. Andrey Bulgarian E. Orthodox Cathedral Church v Bosakov*, 272 AD2d 55 [2000]). Where, as here, a type B corporation pursuant to N-PCL 201 (b) is disposing of substantially all of its assets, the disposition requires judicial approval (*see* N-PCL 510 [a] [3]). N-PCL 511 sets forth the procedure for obtaining judicial approval and requires that the court, upon receiving a petition for approval of

a disposition, "*shall* direct that a minimum of [15] days['] notice be given by mail or in person to the [A]ttorney [G]eneral" (N-PCL 511 [b] [emphasis added]). Here, the record establishes that no such notice was provided to the Attorney General. We therefore vacate the order and remit the matter to Supreme Court for further proceedings in accordance with N-PCL 511. In view of our determination, we do not address plaintiff's cross appeal. Present—Smith, J.P., Fahey, Carni, Lindley and Gorski, JJ.